Cobb v. The Griffith & Adams Co.

Cobb v. The Griffith & Adams Sand, Gravel and Transportation Company, *Appellant.*

1. **Tax Deed.** The defendant in this case held to be in a position to attack a tax deed under a statute of Illinois which provides that no person shall be permitted to question such deed, unless he first shows that he or the person under whom he claims had title to the land at the time of the tax sale.

2. **Waiver.** One suing for the value of sand taken from premises of which he claims to be the owner thereby waives the trespass.

3. **Evidence.** Evidence as to the validity of a tax deed may be admitted subject to its legal effect being controlled by proper instructions.

4. **Question of Law and Fact.** When the statutes of a sister state are read in evidence it is for the jury to find the facts, and for the court to determine and apply the law arising thereon.

*Appeal from St. Louis Court of Appeals.*

Reversed.

*M. L. Gray* and *J. M. Holmes* for appellant.

(1) The plaintiff had no title whatever. The assessment was void and the sale was void, as all of the taxes on the land had been paid. Gross. Statutes, 1871, sec. 249, p. 621; same, sec. 22, p. 576. (2) The statute in question, section 15, p. 575, Gross. Statutes, is a local statute only, and has no extra-territorial force. Wheaton on Conflict of Laws, sections 754, 755, 757, 769, 788, 789, 685; *Don v. Lippman*, 5 Cl. & F. 1, 13, 14; *Leroux v. Brown*, 12 C. B. 801; 14 Eng. L. & Eq. 257. Story on Conflict of Laws, sections 556, 557, 104, 563, 565, 567, 571, 575, 576 *a;* Cooley on Torts, 471; *Tyson v. McGinnis*, 25 Wis. 656. (3) The statute in question had no application in this case, because defendant

claimed under one having title. *Lusk v. Harber*, 3 Gilman, 158, 161; *Curry v. Hinman*, 11 Ill. 430; *Wilson v. McKenna*, 52 Ill. 48; *Read v. Tyler*, 56 Ill. 292. (4) The statute in question had been repealed long before the institution of this suit, and was no longer in force even in Illinois. R. S., Ill. (Hurd) 1880, p. 1030, sec. 8 and note; R. S., Ill. 1845, p. 448, sec. 37, and p. 470; Underwood's Annotated Digest, pp. 1115, 1116, sec. 224; R. S., Ill. 1877, p. 851, sec. 224: R. S. Ill. 1880, pp. 907-8, sec. 224; *State v. Jackson*, 2 Dev. (N. C.) 563; *Owen v. Boyle*, 15 Me. 147; *Church v. Hubbert*, 2 Cranch, 187; *Di Sorci v. Phillips*, 10 H. L. C. 624; *Bremer v. Freeman*, 10 Moore P. C. 306; *Pickard v. Bailey*, 6 Foster (N. H.) 152; 1 Greenleaf Ev., secs. 486, 488; Wharton on Ev., sec. 303, note 3, and sec. 313 and notes; Story on Conf. of Laws, sec. 638; *State v. Rood*, 12 Vt. 396; *McCormick v. Gault*, 5 DeG., M. & G. 278. (5) The instruction, given at the instance of the defendant, on the measure of damages, is a correct statement of the law. *Austin v. Huntsville*, 72 Mo. 535; Story on Conf. of Laws, sec. 307 *d* and *f*; Story on Conf. of Laws, 532, note 5; 2 Sedgwick on the Measure of Damages, 500, 501 and 420, note *d*. (6) The trial judge did not exceed the limits of his discretion in the time and manner of excluding evidence offered by defendant. (7) The evidence so offered and excluded was competent evidence. (8) The verdict below was for the right party, and all the errrors committed by the trial judge were committed against defendant. (9) The record discloses no ground for the judgment of the court of appeals.

*C. W. Thomas* for respondent.

(1) Plaintiff's deed was protected by the Illinois statute. *Atkins v. Hinman*, 2 Gil. 437; *Lusk v. Harber*, 3 Gil. 158. (2) The measure of damages was

the value of the sand as it was when plaintiff might have taken it. *Ill., etc., Coal Co. v. Ogle*, 92 Ill. 53; *McLean, etc., v. Lennon*, 91 Ill. 561; 82 Ill. 627; 81 Ill. 359. The law of Illinois governs the measure of damages. (3) The law of a sister state is a fact to be proved as any other fact and cannot be excluded from the consideration of the jury by the court. Wharton on Evid., sec. 303 and note 3. (4) The repeal of the Illinois statute (and as to which there is no evidence), would not affect any property rights acquired thereunder.

BLACK, J.—The defendant is a corporation engaged in raising sand from the river in the vicinity of St. Louis and disposing of the same in the market. Plaintiff sues for the value of the sand raised and sold by defendant, claiming to own the bed of the river from which it is alleged to have been taken. The land is in Illinois and is an accretion to the third sub-division of the Cahokia Commons, which were granted to the inhabitants of that village by the United States. This sub-division was laid off into lots by the supervisor in 1862, and leased to various persons for a period of ninety-nine years. Subsequently an accretion formed in front of the subdivision which fronted on the Mississippi river, in the shape of an island. In 1869 this island was assessed in the name of the plaintiff and sold for those taxes to one Bonham who quit-claimed to plaintiff for a nominal consideration.

Plaintiff put in evidence these tax proceedings, certain statutes of the state of Illinois, and offered evidence tending to show that defendant had dug up a large amount of sand and the value thereof. Defendant proved that in 1872 the supervisor of the village, who had authority by law to sub-divide and lease the commons, surveyed, platted and leased the accretion to Illinski for ninety-nine years, and then read a license from

Cobb v. The Griffith & Adams Co.

Illinski to dig sand from the land. After the defendant had made proof to the effect that the lessees of the share lots had paid taxes thereon for 1869 and that plaintiff was not and never had been in possession, defendant moved to strike out all the evidence relating to payment of taxes, when the court suggested the evidence could be better disposed of by an instruction. Defendant then read depositions showing payment of taxes by the lessees for 1869, over the objections of the plaintiff, and to which ruling he for the first time excepted and this ruling is assigned as error.

1. The ground of the objection to the evidence is that defendant was not in a position to attack the tax deed because it had not connected itself with one having title to the property at the time of the tax sale. This objection is based upon a statute of Illinois read in evidence, which makes the tax deed *prima facie* evidence of certain matters, requires the party opposing the tax deed to show one of a number of designated facts, in order to defeat the tax deed, and provides that: "No person shall be permitted to question the title acquired by a collector's deed without first showing that he, or the person under whom he claims title, had title to the land at the time of the sale * * * and that all taxes due upon the land had been paid," etc. The latter part of the section, with respect to payment of all taxes, is regarded as of no force (*Reed v. Tyler*, 56 Ill. 29, and indeed is not relied upon here. In *Curry v. Hinman*, 11 Ill. 420, it was held with respect to this statute that possession with claim of title was sufficient title to enable the party to challenge the tax deed. The object of this statute, it is said, was to prevent a mere stranger and wrongdoer who could lose nothing by the tax sale from interfering with it. It is true that at the date of the tax sale the inhabitants of Cahokia, through whom the defendant claims, had no present right to the possession of the island, for it was held in 1878 in *Cobb v. Lavalle*,

89 Ill. 331, in evidence in this case, that the accretion belonged to the lots and that the lessees of those share lots were entitled to the possession thereof, notwithstanding the western boundary was designated in the leases as "the present bank of the Mississippi river." The supervisor in making the survey and plat of the island and the lease to Illinski did so on an erroneous view of the law, but in perfectly good faith to the lessees and villagers. The inhabitants, however, owned the commons including the accretion and had the title thereto, subject only to these leases, the terms of which are not fully disclosed by this record. They had a title well known to the law, and one which we think satisfies the statute. The defendant, claiming as it does from the supervisor through Illinski, was in a position to attack the tax deed. Additional force is given to this conclusion from the fact that plaintiff, in effect, waives any trespass and seeks to recover for the value of the sand when dug up and loaded on the barges. The complaint that the evidence was not excluded when offered is not well founded, for it was competent and upon it the court might well have based an instruction going to the validity of the tax deed.

2. The plaintiff asked a number of instructions on the theory that the jury should be the sole judges of the law of the state of Illinois. When the statute was offered in evidence it became the duty of the court to determine the law therefrom and apply it as the facts might be found by the jurors, and hence those instructions were properly refused.

3. By the instructions the court, on the theory that the defendant could not challenge the validity of the tax deed, excluded the lease to Illinski and the license from him to defendant. The instructions in effect gave full force to the tax deed and were more favorable than the plaintiff was entitled to have given, and still the finding was for the defendant. Under the in-

structions this finding must have been on the ground that the sand was not dug from the property described in the tax deed, and as the bill of exceptions says there was evidence tending to show that the defendant had not dug sand or gravel from the land in question within five years before the commencement of the suit, the judgment of the circuit court should be affirmed, and that of the court of appeals reversed. It is so ordered. The other judges concur.