Bradbury, J.
The record discloses that the plaintiff in error, a boy of about sixteen years of age, was in the service of the defendant as one of a gang of employees engaged in relaying the track of a branch of defendant’s railroad; that his work, mainly, consisted in carrying water for the other members of the gang; occasionally, however, he assisted in the work they were doing; that on the day he was injured a train of cars loaded with cinders, for ballasting the track, was waiting to be unloaded, and that as he was climbing on *631 one of the cars, or perhaps had gotten on it, to help unload the cinders, the train was started forward, by reason of which he was thrown from the car, under its wheels, receiving, besides other lesser injuries, one necessitating the amputation of a leg between the ankle and knee. The foreman of the gang discharged and employed men, had immediate control of them while at work, and of the work being done. Undoubtedly, according to the law of this state, he- was such a representative of the company as would render it liable to one of the gang of men under his control, who should be injured by his negligence. At this point there is a conflict in the testimony respecting the conduct of the plaintiff in error and the foreman, and the immediate circumstances under which the plaintiff went upon the car and the train put in motion; but there is evidence from which the jury could find that the foreman ordered the plaintiff to assist in unloading the cinders; that in obedience to this order he attempted to climb upon a car; that he did so in a reasonably careful manner, and that the foreman carelessly, even recklessly, ordered the train to be moved forward before the plaintiff had secured himself a safe footing upon the car he was attempting to board, thereby throwing him from it and under its wheels, causing the injury of which he complains; thus giving to the plaintiff, according to the law of Ohio, a right of action against the railroad company.
The real questions in contention between the parties in this court arise out of the fact that the accident occurred in the state of Pennsylvania.
The defendant in error, also defendant in the court of common pleas, interposed in the last named court among other defenses the following:
“For a second defense, it says that said plaintiff entered into its employ within the state of Pennsylvania, and was employed to serve the defendant within the said state of Pennsylvania and with reference to the laws of said state of Pennsylvania. It says further, that under the laws of said state of Pennsylvania, within which said contract was made, and where said plaintiff was acting as an employee of the de *632 fendanfc, the plaintiff and all the other employees, including said gang boss named in plaintiff’s petition, engaged upon and about the train in the unloading of the same, are held to be fellow employees, and for the negligence of either resulting in injury to the other, the common master, to wit, the defendant, is held not to be liable to the other. Wherefore this defendant asks to be dismissed with its costs.”
The sufficiency of this defense is denied by counsel for plaintiff in error in a forcible and ingenious argument, in which they specially criticise the averment, “ are held to be fellow employees,” etc. It is true there is no direct averment that any of the courts of Pennsylvania so held, but the liberal rules applicable to' the construction of pleadings in this state, require us to infer that the pleader so intended. No objection, by-motion or otherwise, was made to the form of this defense in the court of common pleas, or so far as the record discloses, at any stage in the progress of the case, until made by counsel in their brief filed in this court. Under this defense a number of the decisions of the Supreme Court of Pennsylvania were introduced in evidence to establish the rule of law attempted to be set up by this answer. Whether upon motion, made at the proper time, the defense should have been made more certain and definite, we need not inquire ; for at this late stage in the proceedings, after a strongly contested trial, mainly had upon the issues made by this very defense, and the reply denying its truth, the defense should receive the most favorable construction its language will permit; and when the pleader has averred, as in this defense, that “ under the laws of the state of Pennsylvania .....the plaintiff and the ‘ gang boss ’.....are held to be fellow servants,” it is entirely reasonable to infer that the alleged holding was, by the courts, of that state having authority to declare and announce the rules of law, operative therein.
The record of the proceedings in the circuit court is ambiguous. One of the assignments of error made in that court, by the defendant in error here, was that the court of common pleas erred in overruling its motion for a new trial, *633 and one of the grounds for a new trial stated is that the motion was that the verdict was contrary to the weight of the evidence, so that the circuit court had before it for decision that question; and had it reversed the judgment of the court, of common pleas on that ground, this court would not have reversed its action, and the same result would have followed from a general judgment of reversal — that is, one specifying no particular ground for the action of the court — for in that case, as the court might have reversed the judgment on the ground that it was contrary to the evidence, this court cannot say that was not the ground of its action. Titus v. Lewis, 33 Ohio St. 304.
In the case at bar, however, there is an attempt to. state in the journal entry of the circuit court the grounds of its action, in reversing the judgment of the court of common pleas, as follows:
“ First — The court finds from examination of record and bill of exceptions, that it was not controverted in the trial in the court below but that there were officers of the Pennsylvania company superior in authority to Frank Kennan, who had the right and authority to contract and supervise his action in conducting the work, and controlling the men during the work in which the plaintiff below was engaged at the time he received the injury.
“ Second — The court holds as conclusion of law, that the determination of this case must be governed by the law in the state of Pennsylvania.
“ Third — The court further finds as a conclusion of law, from the reports of the decisions of the Supreme Court of Pennsylvania, contained in the record, that said Frank Kennan was a fellow-servant and co-employee with said Alexander at the time he received his injury, and therefore that plaintiff in error is not liable for the alleged negligent acts of said Kennan which caused the injury to defendant in error, to all of which holdings defendant in error excepted.”
This is not, in the correct and legal sense of the term, a finding of the facts in the case and a statement of them separately from the conclusions of law arrived at by the court, *634 although it closely resembles it in form; for it is not within the province of the circuit court in a proceeding in error before it to find from the evidence contained in the bill of exceptions the facts and state them separately from its conclusions of law. Senff v. Pyle, 46 Ohio St. 102; Young, Treasurer, v. The Pennsylvania Company, Ib. 558. Neither does it give as the ground of the reversal any one of the errors assigned in that court.
What it really does disclose is that the circuit court, being of opinion that the law of Pennsylvania should govern the case, the verdict of the jury was- against the weight of the evidence, because from a consideration of the whole evidence, it appeared that the plaintiff in error was a fellow servant of the “ gang boss ” by whose negligence he was injured, and that in such case the law of Pennsylvania would not permit a recovery to be had' against the railroad company, in whose service both were at the time engaged. It may be considered, therefore, as fairly shown by the record, that the circuit court would not have reversed the judgment of the court of common pleas if it had not held the case to be governed by the law of that state. It therefore becomes material to inquire if the circuit court was right in this respect.
The first branch of the inquiry concerns the method by which the law of Pennsylvania is to be determined. Is it to be found as matter of fact by the jury from the evidence, or judicially declared by the court? That it is a fact to be determined by the jury, is, we think, a well established principle of law. Ingraham v. Hart, 11 Ohio 255; Bank v. Baker el al., 15 Ohio St. 68; Williams v. Finlay, 40 Ohio St. 342.
It does not follow from this, however, that where, as in the case at bar, numerous decisions of the several courts of a state are introduced in evidence to a jury as proof of the law of such state, that the jury should be required to search through them, elucidate and announce the doctrine they establish; this is often a most difficult and delicate dutjr for courts and judges of the greatest skill, learning and experience to undertake. To submit its performance to a body of *635 men inexperienced in the examination and construction of judicial decisions, and not familiar with the general doctrines pertaining to the subject, would be to submit the rights of parties involved in the controversy to be determined by a method little, if any, more certain than the cast of a die.
In such case it becomes the duty of the court, as in the case of any other documentary evidence, requiring construction, to construe the decisions, the rulings of the trial court in this respect being subject to review by other courts having jurisdiction in error, thus securing as much certainty in ascertaining the law of another state or country as the nature of the subject will admit. Di Sora v. Phillipps et al., 10 H. L. Cases, 624; Bremer v. Freeman et al., 10 Moora, 306; State v. Jackson, 2 Dev. Law, 563; Cobb v. The Griffith & Adams etc. Co., 87 Mo. 90; Kline v. Baker, 99 Mass. 253; Thompson on Trials, section 1054.
The record discloses that the contract by which the plaintiff in error was employed, was made in the state of Pennsylvania ; that his services were to be rendered wholly within that state, and that he was injured therein.
If the right of a servant to recover damages from his master on account of an injury received through the negligence of a superior servant of the same master arises out of contract, then the case of Knowlton v. Erie Railway Co., 19 Ohio St. 260, is decisive of the case at bar.. The syllabus of that case reads: “ The defendant is a common carrier of passengers, incorporated by the laws of New York, and was sued as such common carrier on account of injuries received by the plaintiff whilst being carried as a passenger from one point to another on defendant’s road, and wholly within said state. The injury was charged to have been occasioned by defen dant’s negligence. The pleadings show that the plaintiff was being carried gratuitously at the time of the accident, under a contract by which the plaintiff assumed all risks of accident and injury arising from negligence, etc., and that such contract is valid by the laws of New York. Held: That the validity of the stipulation exempting the defendant from liability for negligence must be determined by the laws of New *636 York, within whose jurisdiction the contract was made and to be executed; and as the plaintiff, under his contract, could have no right of action in the courts of New York, so his action cannot be maintained in this state.”
In Railway Company v. Ranney, 37 Ohio St. 665, McIl-VAINE, J., said, (page 669) : “ The principles of law in relation to the liability of a master for an injury to his servant while engaged in the performance of duties under his employment, have been so frequently considered and declared by this court, and upon such varied statements of fact, that one might be justified in assuming that the law upon this subject, in all its bearings, has been fully settled. The respective rights and duties of employer and employee, sound in contract. The employer implicitly engages to use reasonable care and diligence to secure the safety of the employee, and among other things, to exercise reasonable care in the selection of prudent fellow-servants. He also engages that every one placed in authority over the servant, with power to control and direct him in the performance of his duties, will exercise reasonable care in providing for his safety, whether such superior be a fellow-servant or not, in the ordinary sense.”
There is strong ground to contend that Judge McIlvaine states the rule correctly. But, however that may be, and whether the action of the plaintiff in error sounds in contract or tort, in either case we think it is to be governed by the law of Pennsylvania. If the acts of the parties impose no obligations on the one hand and confer no rights upon the other, where they occur, no good reason is apparent why they should spring into active existence the moment the parties pass into another jurisdiction, where, if they had occurred therein, such relative rights and obligations would have resulted. An act should be judged by the law of the jurisdiction where it was committed; the party acting or omitting to act must be presumed to have been • guided by the law in force at the time and place, and to which he owed obedience ; if his conduct according to that law violated no right of another, no cause of action arose, for actions at law are provided to redress violated rights. Nor is it material that *637 the rules of Pennsylvania law that deny relief to plaintiff in error result from the adjudications of the courts of that state, instead of being legislative enactments. The rules of law established by judicial decisions, are as binding as legislative enactments, until modified, or overturned by other decisions or legislative enactments binding within that jurisdiction.
In theory it may be true, that there is no common law of Ohio, or of Pennsylvania; that the common law is one and the same in every state acknowledging its obligations, and that the decisions of one state are but evidence of it, not binding upon the courts of any other state ; but as matter of fact we know that in the application of the rules off the common law to the affairs of men, there is, unfortunately, in the several states a wide divergence; and that it necessarily follows that acts and transactions, sufficient in one state to create a cause of action, will not produce that result in another, and in the administration of justice mere theory must be made to yield to the truth as established by facts and experience.
Other questions were urged upon our consideration by counsel in argument, some, or all of which may be material upon the re-trial of the action, but they are not presented by the record in such manner as to authorize their consideration at this time, and will not be noticed.

Judgment affirmed.