SLAUGHTER v. THE METROPOLITAN STREET RAILWAY COMPANY, *Appellant.*

Division Two, May 30, 1893.

1. **Negligence**: PERSONAL INJURY: LOSS OF TIME: EVIDENCE. Evidence of loss of time as an element of damages is inadmissible in an action for personal injuries founded on defendant's negligence without a special averment to that effect in the petition.

2. ——: ——: ——: INSTRUCTION. Where the evidence of such loss of time is excluded because of the absence of the necessary averments in the petition, an instruction authorizing damages therefor is error.

3. **Practice**: LAW OF SISTER STATE: RAILROAD: NEGLIGENCE. Plaintiff brought, in this state, against the defendant railroad, an action for personal injuries occurring in the state of Kansas, and the company pleaded that, by the laws of Kansas, the acts charged against it did not constitute negligence, and also that by the laws of Kansas plaintiff was guilty of contributory negligence. Plaintiff introduced evidence that the common law obtained in Kansas and that the law governing the case was the same as if the cause of action had originated in this state. *Held* that it was the right of the trial court, upon proper requests, to declare the law applicable to the case.

4. ——: ——: ——: ——. It was improper practice for the trial court to permit irrelevant decisions of the supreme court of Kansas to be read to the jury.

5. **Railroad**: CONTRIBUTORY NEGLIGENCE: INSTRUCTION. The court rightly refused to instruct the jury as requested by defendant that the instincts of self preservation were not proper to be considered in determining whether or not plaintiff was guilty of contributory negligence.

*Appeal from Jackson Circuit Court.*—HON. JAMES H. SLOVER, Judge.

REVERSED AND REMANDED.

*Pratt, Ferry & Hagerman* for appellant.

(1) The court erred in giving plaintiff's instruction 3, authorizing a recovery for loss of time, when there was no pleading therefor and no proof of the value of the time lost. *First*. Loss of time, as an element of damage, must be specially pleaded. *O'Leary v. Rowan*, 31 Mo. 117; *Brown v. Railroad*, 99 Mo. 310; *Baldwin v. Railroad*, 4 Gray, 333 *Tomlinson v. Derby*, 43 Conn. 562; *Hunter v. Stewart*, 47 Me. 419. *Second*. The instruction was improper because there was no proof of the value of the time lost. *White v. Spangler*, 68 Iowa, 225; s. c. 26 N. W. Rep. 85; *Gardner v. Railroad*, 68 Iowa, 592; s. c. 27 N. W. Rep. 768; *Winter v. Railroad*, 74 Iowa, 448; s. c. 38 N. W. Rep. 154; *Railroad v. Simcock* (Texas), 17 S. W. Rep. 47; *Railroad v. Thornsberry* (Texas), 17 S. W. Rep. 521; *Britton v. Railroad* (Mich.), 51 N. W. Rep. 276; *Kansas City v. Bradbury* (Kan.) 25 Pac. Rep. 889; *Leeds v. Gas Light Co.*, 90 N. Y. 26; *Staal v. Railroad*, 107 N. Y. 625. *Third*. In principle, those cases are in point which hold that expenses for the services of physicians are not recoverable in the absence of evidence showing the amount paid therefor, or the reasonable value thereof. *Duke v. Railroad*, 99 Mo. 347; *Smith v. Railroad* (Mo.), 18 S. W. Rep. 971; *Norton v. Railroad*, 40 Mo. App. 642; *Rhodes v. City of Nevada*, 47 Mo. App. 499; *Reed v. Railroad*, 57 Iowa, 23; *Stafford v. Oskaloosa*, 57 Iowa, 748; *Eckerd v. Railroad*, 70 Iowa, 353. (2) The court erred in permitting to be offered and read to the jury four decisions of the supreme court of Kansas, because, *first*, after the plaintiff offered in evidence the statute of Kansas, proving the common law to be there in force, there was nothing in these decisions that was material or relevant to any issue in the case; and, *second*, it was

improper to permit these decisions to be read to the jury. *Harrison v. Hance*, 37 Mo. 185. (3) The court erred in overruling defendant's application for a continuance. There was no negligence in not serving a subpœna upon the witness, because defendant had the right to assume that the plaintiff would not swear differently from what he did at the time of the taking of the deposition. *Withers v. State*, 23 Texas App. 396. (4) The court erred in refusing defendant's instruction 11. Instincts of self preservation are never proper considerations when a party is alive and testifies as to what was done. *Whitsett v. Railroad*, 67 Iowa, 150; *Reynolds v. Keokuk*, 72 Iowa, 371; *Railroad v. Clark*, 108 Ill. 113; *Gardner v. Railroad*, 17 Ill. App. 262; *Whitaker v. Morrison*, 1 Flor. 25; s. c., 43 American Decisions, 627; *Galpin v. Page*, 18 Wall. 364.

*George & Lowe* and *Wash Adams* for respondent.

(1) The court did not err in giving an instruction authorizing a recovery for loss of time. The law infers bodily pain and suffering from personal injury; also loss of time from its disabling effects. 1 Sutherland on Damages 766 and 426; McQuillin's Pleading and Practice, sec. 304. (2) Special damages and those which the law does not imply, must be pleaded with particularity, and only such damages as the law does not imply should be specially pleaded. *Barrett v. Telegraph Co.*, 42 Mo. App. 543; *Moehring v. Hall*, 66 Tex. 241; *Brown v. Railroad*, 99 Mo. 310. (3) It was not necessary in the trial of said cause to offer any proof of the value of the time lost. *Stevens v. Railroad*, 96 Mo. 207; *Waldheir v. Railroad*, 87 Mo. 37; *Parsons v. Railroad*, 94 Mo. 286; *Chicago v. Scholten*, 75 Ill. 469; *Railroad v. Baron*, 5 Wallace, 90; *Fisher v. Jansen*, 128 Ill. 553; *Wightman v. Providence*, 1

Clifford 524; *Indianapolis v. Gaston,* 58 Ind. 224; *Railroad v. Starmer,* 26 Neb. 630; *Ward v. Vanderbilt,* 34 Howard's Pr. 144; *Chicago v. Major,* 18 Ill. 349; *Walker v. Railroad,* 63 Barbour 260; *Lincoln v. Railroad,* 23 Wendell. 425. (4) The court did not err in permitting to be offered and read to the jury the decision of the supreme court of Kansas.

GANTT, P. J.—This is an action for personal injuries, sustained by the plaintiff on the fourth of October, 1889, by being thrown from an electric street car, operated by defendant. Plaintiff recovered a verdict for $5,000, and defendant appeals.

The following averment sufficiently states the case made in the petition:

"That plaintiff was standing at the crossing where Eighth street runs into Kansas avenue aforesaid, and stepped on the front platform of a car in charge of the defendant's employees, the same being a motorman and a conductor. When plaintiff had stepped upon the platform and started to go inside of the car, as other passengers do, the motorman told him to get off, and to get on the rear platform. Plaintiff turned, and following the orders of defendant's employee, started to step off the car, and just as he did so the motorman increased the speed of the car suddenly, and by reason of the sudden and careless starting of the car, and by virtue of the wrongful ordering of plaintiff by the servant of defendant to get off the car, the plaintiff was thrown violently to the ground, and his right arm, wrist and hand were broken, bruised and fractured. These bruises and fractures *constitute permanent injury, and will render plaintiff a cripple for life.* Plaintiff was compelled to employ a physician, buy medicine and drugs, and also suffered great bodily and mental pain.

"Wherefore plaintiff prays judgment against the defendant for fifteen thousand dollars ($15,000), the amount of his damages together with costs."

The answer consisted, in a general denial, contributory negligence and the following special plea:

"(3) Defendant for further answer avers: That the matters and things complained of all occurred in the state of Kansas, and under the laws of said state the acts done by the defendant, its agents, servants and employees, at the time complained of, did not constitute negligence; and each of the acts done by plaintiff at such time, did constitute negligence upon his part, under the laws of such state, and such acts of negligence contributed directly to the injuries complained of."

There was evidence tending to prove that plaintiff suffered the injury of which he complains through a want of care by the motorman in charge of the car in starting it too rapidly as plaintiff was about to get off of the front platform in obedience to the directions of the motorman to get on at the rear of the car, and evidence tending to show it was caused by plaintiff's own negligence. It was a question of fact for the jury, and they found for plaintiff.

The grounds urged here for reversal will be considered in the order pursued in the briefs.

I. Plaintiff testified that he was in the furnace and tin business in Kansas City; that on the day of the accident he went to Armourdale, Kansas; that he had stepped on the front of the car to return to Kansas City, and was ordered to get off, and get on at the other end, and just as he started, the car shot forward, and threw him and broke his right wrist. He testified it was two months before he put in any time at the store, and five months before he assumed any responsi-

bility in his business. He testified to the pain he suffered, and the apparently permanent nature of the injury. His physician's bills were $50, including medicines and everything. Had a partner, and drew no salary. He was then asked by his counsel, "Are you able to estimate what your personal services were worth during that five months?" This was objected to by defendant, and the objection sustained, on the ground that it was incompetent, immaterial and irrelevant.

The court, among others, gave this instruction for plaintiff: "(3) If the jury find for the plaintiff, they will award him such a sum of money, as damages, as shall fully compensate him for the mental and bodily pain and suffering endured by him consequent upon the injury; *the loss of time occasioned thereby*; the expense of medicine and medical attention attributable thereto, and the loss to plaintiff of strength and efficiency already suffered and whatsoever may reasonably be expected to ensue in the future therefrom, if the injury was proved to be a permanent one; provided, however, that the verdict shall not exceed fifteen thousand dollars."

The defendant complains because the court permitted the jury to consider *loss of time occasioned* by the injury as an element of damages, because it was not alleged in the petition as the basis of special damages, and the court having excluded the evidence by which plaintiff sought to show the value of his services during the time lost there was no evidence from which the jury could make an estimate of the damage resulting from such loss. On the other hand counsel for plaintiff contend that the petition authorizes a recovery for loss of time; that it is a natural result from the injury, and such damage can be recovered in the absence of proof of the value of the time to plaintiff.

There is no allegation in the petition counting upon loss of time specially as an element of damage, so that the discussion here is narrowed to this proposition: Is the general allegation of damages sufficient to authorize a recovery for loss of time, and without proof of the value of such time?

In *Mellor v. Railroad*, 105 Mo. 455, an averment that "plaintiff was permanently crippled, disfigured and disabled" was held insufficient to support evidence of "loss of earnings." It was held in that case that "loss of earnings" was not a necessary consequence of the injuries alleged, and was not embraced in the general allegation of damages.

In *Coontz v. Railroad*, decided by this division, 115 Mo. 669, under the allegation that he "had been permanently disabled from labor," it was held reversible error to permit plaintiff to prove the value of his monthly earnings," citing *Pinney v. Berry*, 61 Mo. 366.

The allegation in this case is that "the injury is permanent and will render plaintiff a cripple for life." Upon the authority of the two cases last cited, the evidence as to "the loss of time, and earnings," was not admissible, and the trial court correctly so ruled. Having excluded the evidence we think it is manifest the instruction is erroneous in that it authorized damages of which there was no allegation, and no evidence. *Duke v. Railroad*, 99 Mo. 347; *Smith v. Railroad*, 108 Mo. 243; *Norton v. Railroad*, 40 Mo. App. 642; *Rhodes v. Nevada*, 47 Mo. App. 499; *Winter v. Railroad*, 74 Iowa 448; *Railroad v. Simcock*, 17 S. W. Rep. (Tex.) 47; *Britton v. Railroad*, 51 N. W. Rep. (Mich.) 276; *Leeds v. Metropolitan Gas Light Co.*, 90 N. Y. 26; *Staal v. Railroad*, 107 N. Y. 625.

The distinction sought to be made between "loss of time" and "loss of earnings for that time," does not exist, in law. The damages to be awarded in either

case is the pecuniary value of the time lost, and either expression sufficiently indicates the measure. In common acceptation they are one and the same thing. We think on principle this instruction, upon the facts of this case, is even less defensible than that which was disapproved in *Duke v. Railroad, supra.* It is much more reasonable to assume that a jury would be familiar with the value of a physician's bill, from their own knowledge and experience, than they would be with the value of the time of a merchant of whose business they knew absolutely nothing save that it was a "furnace and tin business." Not a word of evidence is to be found as to the amount of capital invested; nor whether it was a profitable business; and if so, to what extent; nor to what extent, if any, the business suffered by the injury to plaintiff's wrist. As said by BRACE, J., in *Duke v. Railroad,* "When such damages are susceptible of proof with approximate accuracy, and may be measured with some degree of certainty, they should not be left to the guess of the jury, even in actions *ex delicto.*" If reversible error in that case, *a fortiori* it is reversible error in this.

II. The defendant having pleaded in its answer that, by the laws of Kansas, the acts done by defendant and its employees were not negligence under the laws of that state, and that by said laws plaintiff was guilty of contributory negligence, plaintiff read in evidence the statute of Kansas adopting the common law in that state "as modified by constitutional and statutory law, judicial decisions, and the conditions and wants of the people."

Plaintiff then, over the objections and exceptions of defendant, was permitted by the court to read to the jury four decisions of the supreme court of Kansas, to-wit: *Railroad v. Higgs,* 38 Kan. 378, a case discussing the liability of a street car company in a case where

a passenger on the platform was pushed off by a passing car, the negligence consisting in permitting one of the cars to approach too near the intersection of a switch with the main track; the case of the *Railroad v. Rollins*, 5 Kan. 172, deciding the liability of a railroad company for killing cattle running at large upon inclosed grounds; another was the case of *Railroad v. Pointer*, 14 Kan. 37, where a person at a crossing was injured by a train backing against him; and another, the case of *Osage City v. Brown*, 27 Kan. 74, in which the liability of cities for injuries caused by defective streets was discussed.

We have read the opinions in each of these cases carefully. There is nothing in them that tends in the slightest degree to show that the common law in a case like the one at bar has ever been applied differently by the supreme court of Kansas from the construction placed upon it by this court. When it was shown that the common law obtained in Kansas, it sufficiently appeared that the law of the case was the same as if the transaction had occurred in Missouri. It then became the right of the trial court to declare the law of the case for the guidance of the jury, upon proper requests. The decisions read had no relevancy to the issues on trial. The fact that it was necessary to prove a foreign law did not justify the admission of all the laws of that foreign state, whether relevant or not to the case on trial. When foreign laws are in evidence, it is no less the duty of the court to determine the law of the case from them, than it is its duty in declaring our own laws. *Cobb v. Griffith & Adams Co.*, 87 Mo. 90; *Charlotte v. Chouteau*, 33 Mo. 194. In this case the trial court permitted these four decisions to be read at length to the jury without instructing them in any manner as to the purpose for which they were introduced and without informing them that it was their

duty to look to the court for the law, so far as it was applicable to this case.    Outside of the statute, the laws of Kansas read in evidence were wholly irrelevant and misleading.

III.    It becomes unnecessary to pass upon the question of continuance.  Any supposed hardship existing from the action of the court can be remedied before another trial.

IV.    We see no error in refusing to give the eleventh instruction asked by defendant, which was as follows:

"The instincts of self-preservation are not proper to be considered in determining whether or not plaintiff was guilty of contributory negligence."

We do not think it would have been proper to have given this for defendant, or the converse of it for plaintiff.    The issue was very plain and simple.    It was for the jury to find from all the facts and circumstances in evidence, whether this injury was brought about by the negligence of defendant's employees or was the result of plaintiff's own contributory negligence.    In so doing, we know no rule of law requiring them in measuring his conduct at the time to exclude from their consideration any of the natural instincts which usually affect the conduct of men.

For the error noted, the judgment is reversed and the cause remanded for a new trial.    All concur.