R. F. EDWARDS, Respondent, v. ST. LOUIS, KENNETT & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 7, 1899.

**Damages:** GENERAL: PLEADING. In the case at bar, the petition neither directly nor inferentially pleads damages for "loss of time and wages;" held, that an instruction submitting to the jury the question as to plaintiff's damages arising from loss of time and wages, is reversible error.

*Appeal from the Pemiscot Circuit Court.*—HON. HENRY C. RILEY, Judge.

REVERSED AND REMANDED.

R. B. OLIVER for appellant.

Every substantial fact which plaintiff must prove to maintain his action must be alleged so that an issue can be made thereon. This is elementary law. Lanitz v. King, 93 Mo. 513; Wetmore v. Crouch, 55 Mo. App. 441; Banks v. Fisher, 55 Mo. App. 51. * * * The plaintiff's testimony further shows that when he left the platform and started down the track to board this "piling train," that the passenger train was then following and in sight, and actually reached the depot at Pascola within a few moments after his leaving it. He was therefore guilty of contributory negligence. Gundermann v. Railroad, 58 Mo. App. 370, 380, 381 and 382; Hicks v. Railroad, 46 Mo. App. 304; Carroll v. Interstate Rapid Transit Co., 107 Mo. 653; Heiter v. Railroad, 53 Mo. App. 331; O'Donnell v. Patton, 117 Mo. 13. There was no allegation in the petition that he had lost any time or wages. The instruction is, therefore, broader than his petition. This

is reversible error; the trial issues must be within the paper issues.    Fulkerson v. Thornton, 68 Mo. 468; Kennedy v. Railroad, 70 Mo. 252; Melvin v. Railroad, 89 Mo. 106; Rothschild v. Frensdorf, 21 Mo. App. 318; Whitlock v. Appleby, 49 Mo. App. 295.    In this last case Judge Rombauer, speaking for this court on pages 297 and 298, says:    "It has always been the law of this state that it is error to submit to the jury an issue of fact concerning which no allegation is made in the pleadings.    The trial issues must be within the paper issues." Morrison v. Yancey, 23 Mo. App. 675; Mellor v. Railroad, *supra*.    Nor will it do to say that the error of giving a bad instruction for the plaintiff was cured by the instruction given at the request of the defendant.    The jury will be as likely to follow (as it did follow in this case) the bad instruction as the correct one.    This is reversible error.    Martinowsky v. Hannibal, 35 Mo. App. 70; Jones v. Railroad, 59 Mo. App. 137. The motion in arrest should have been sustained.    The petition is fatally defective and will not support the judgment. The authorities cited under the first paragraph of this provision affirmatively show this to be the law.

BOND, J.—The plaintiff filed the following statement in a justice's court:

"The plaintiff states that on or about the 2nd day of July, 1897, the defendant, a corporation under the laws of the State of Missouri, owning and operating a line of railroad between Campbell, in Dunklin county, and Caruthersville, in Pemiscot county, State of Missouri, did injury to the plaintiff as follows:    That is to say, the plaintiff had purchased a ticket over the road of defendant, from Pascola, to Hayti, all in Pemiscot county, State of Missouri; after purchasing said ticket, the plaintiff started from the platform of the depot at Pascola to the train then standing on the track near said depot; while plaintiff was passing an engine of said defendant, then standing about twenty feet from said plat-

form, the engineer of said engine turned the steam into or out of some part of said engine, and the plaintiff was by said steam badly scalded upon the right forearm and the right side.    By means of said wrongful act of said defendant, plaintiff says that he was damaged to the amount of two hundred and fifty dollars, for which he asks judgment."

The answer was a general denial, and a plea of contributory negligence.    There was a trial and judgment before the justice and an appeal to the circuit court, where plaintiff recovered $150, from which this appeal is taken by the defendant.

The conclusion of the court's instruction for plaintiff is to wit:    "If you find for the plaintiff, you are instructed that he is entitled to recover such damages as you believe from the evidence are the natural and probable results of the injury, not exceeding the amount sued for, and you are authorized to consider the physical pain and suffering, and the loss of time and wages, which were the direct result of such injury."    It will be observed that this instruction submits as one of the elements of plaintiff's damages his "loss of time and wages." This was erroneous under the allegations of the foregoing statement of plaintiff's cause of action, since that does not either directly or inferentially plead such damages.    While the above statement is sufficient to support a

PLEADING.        recovery for general damages, it did not warrant the consideration of any other by the jury, hence the court erred in submitting to the jury the question as to plaintiff's damages arising from "loss of time and wages." Slaughter v. Railway, 116 Mo. 269, and cases cited; Mason v. Railway, 75 Mo. App. loc. cit. 9.    The judgment herein is reversed and the cause remanded.    All concur.