VINNIE F. BRAKE, Respondent, v. KANSAS CITY, Appellant.

Knnsas City Court of Appeals, June 8, 1903.

1. **Municipal Corporations: SIDEWALKS: CONSTRUCTION: NOTICE.** Where the action is founded not on negligence in failing to repair, but in the original construction, the municipality is charged with notice of its duty to repair from the beginning.

2. **Damages: PERSONAL INJURY: PLEADING: LOSS OF TIME.** The petition seeking to recover damages for a personal injury alleged that plaintiff has been and still is partly disabled from attending to her work and household affairs, and this amounts substantially to an allegation of loss of time.

3. ———: ———: LOSS OF TIME: EVIDENCE: INSTRUCTION. If there is no evidence of the value of lost time, an instruction relating to damages therefor is error.

4. ———: ———: REVERSION OF UTERUS: EVIDENCE. On the evidence it is not believed that the jury took into consideration certain conjectured results of a reversion of the uterus, though they might have done so with the utmost propriety.

5. ———: ———: CONDITION IN LIFE: MARRIED WOMAN. An instruction allowing the jury to take into consideration plaintiff's condition in life in estimating her damages for a personal injury, is approved, and .it is further held that a married woman, living apart from her husband and dependent on her own labor for support and doctor's bills, is in no better condition than a *feme sole*.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

REVERSED AND REMANDED.

*R. J. Ingraham* and *L. E. Durham* for appellant.

(1)  Plaintiff's instruction numbered 3 does not properly direct the jury as to time allowed to city to repair walk.  Badgley v. St. Louis, 149 Mo. 122; Baustian v. Young, 152 Mo. 317.  (2)  Plaintiff's instructions numbered 5 and 8 are not confined to the pleadings and are otherwise prejudicial to defendant. Jacquin v. Cable Co., 57 Mo. App. 320; Pryor v. Railroad, 85 Mo. App. 378.  (3)  Plaintiff's instruction numbered 4 is erroneous for the following reasons. (a)  It is not confined to the pleadings, and is a roving commission.  Edwards v. Railroad, 79 Mo. App. 257; Pryor v. Railroad, 85 Mo. App. 380; Slaughter v. Railroad, 116 Mo. 269; Jacquin v. Cable Co., 57 Mo. App. 320; Hawes v. Stock Yards Co., 103 Mo. 60.  (b)  It is not based on the evidence.  Mammerberg v. Railroad, 62 Mo. App. 563; Rhodes v. City of Nevada, 47 Mo. App. 499; Slaughter v. Railroad, 116 Mo. 269; Evans v. City of Joplin, 76 Mo. App. 20; Smith v. Railroad, 108 Mo. 243; Bigelow v. Railroad, 48 Mo. App. 367.  (c)  It assumes as a fact that plaintiff's injury is permanent in nature, and assumes also that bodily pain and mental suffering were endured.  Plummer v. City of Milan, 70 Mo. App. 598; Evans v. City of Joplin, 76 Mo. App. 20.  (d)  It directs the jury to find damages for future expense of treatment when there is nothing in evidence to show that husband will not return and claim same from defendant.  Cullar v. Railroad, 84 Mo. App. 340; Plummer v. City of Milan, 70 Mo. App. 598.

*Fred Griffith* and *Elmer E. Hairgrove* for respondent.

Submitted an extended argument.

BROADDUS, J.—The plaintiff's suit is for damages alleged to have been sustained by reason of the negligence of the defendant in constructing and maintaining an unsafe sidewalk on St. John avenue, one of defendant's streets. The plaintiff, a married woman living separate and apart from her husband, claims that at about 7 o'clock on the evening of the 23d of November, 1900, while she was lawfully using said sidewalk, in the exercise of due care, she fell to the ground by reason of the absence of light and by reason of the unsafe and dangerous condition of said walk, and was severely injured.

The evidence showed that the plaintiff, who was a stenographer and typewriter, and dependent wholly upon her own labor for support, while passing over the sidewalk in question, in company with her sister, fell off said walk into the street. The sidewalk was constructed of wooden stringers and plank, and at the point where plaintiff fell it was about two feet higher than the street. When she fell off the walk, plaintiff struck the ground and then fell into a gully still several feet lower than the surface of the street. There was no street light at the point in question and it was very dark—so dark, according to plaintiff's evidence, that she could not see the walk. The evidence was that plaintiff was careful and that the fall was not the result of negligence on her part.

The evidence further tended to show that plaintiff's injury is located in her womb and that she suffered greatly, still suffers, and that it is doubtful if she will ever entirely recover; and that while she is able to carry on her business as stenographer and typewriter, she suffers much if the work is prolonged; and that she is incapacitated from doing house work and is unable to sew. It was shown that plaintiff only lost about two days' service at her business, and there was no evidence as to the value of her time lost, or that of any prospective loss of time in the future. Dr. Pinckard, her at-

tending physician, testified that her injury consisted of a retroversion of her womb, which he restored to its natural position, but that retroversion will probably recur if she continues her present occupation.

The defense was contributory negligence on part of plaintiff. It was shown that the walk was practically new, as it had been constructed only about two months, and that plaintiff passed over it daily and knew its condition and that of the street. The jury returned a verdict for plaintiff for $1,500.

Defendant contends that the court erred in giving certain instructions in behalf of plaintiff. Instruction number three is said to be subject to the objection that it did not properly direct the jury as to the time allowed the city to repair the defective sidewalk. It must be admitted that said instruction is somewhat faulty in that respect, but the error was of no consequence. The suit is founded not upon the negligence of the city in failing to repair its sidewalk, but for its negligent construction, in which case it was charged with notice from the beginning, and which it was under a continuing duty to repair. Barr v. City of Kansas, 105 Mo. 550; Haniford v. City of Kansas, 103 Mo. 181.

Instruction number four is objected to for the assigned reason that it was not confined to the pleadings and that it is in the nature of a roving commission to the jury to assess damages. It is as follows: "The court instructs the jury if it finds for the plaintiff, it will assess damages in favor of the plaintiff, in a sum not exceeding $3,000; and in fixing the amount of such damages it will take into consideration, any direct and necessary damages resulting from the injury, if any, and the jury will also consider the age of the plaintiff, her condition in life, the nature and extent of the physical injuries inflicted, if any, the bodily pain, and mental suffering endured, the loss of time and the expenses of the treatment of the injuries, if any, and any and all such damages, if any, which it appears from the

evidence will reasonably result from such injuries in the future.''

In Edwards v. Railroad, 79 Mo. App. 257, it was held as the petition neither directly nor inferentially pleaded loss of time and wages, an instruction that submitted to the jury the question as to plaintiff's damages arising from loss of time and wages was reversible error. Slaughter v. Railroad, 116 Mo. 269; Mason v. Railroad, 75 Mo. App. l. c. 9. The petition in the case at bar does not in direct terms allege damages for loss of time, but it does allege that she ''has been and still is partly disabled from attending to her work and household affairs.'' In our opinion, the allegation amounts substantially to an allegation of damage for loss of time.

There was no evidence of the value of the loss of her services occasioned by the injury. In Murray v. Railroad, 101 Mo. 236 and Rhodes v. Nevada, 47 Mo. App. 499, it was held that for ordinary labor, such, for instance, as that of a nurse, the jury were competent to estimate its value; but these cases were afterwards overruled in Cobb v. Railroad, 149 Mo. 609 and Slaughter v. Railroad, 116 Mo. 269. It follows that said instruction, in so far as it related to damages for loss of time, both in the past and that which would result in the future, was error.

The further criticism of said instruction is that its language that, the jury might ''take into consideration any direct and necessary damages resulting from the injury,'' authorized it to go beyond the demands of the petition ''into the field of opinion and speculation.'' And it is urged by way of argument, that under said instruction the suggestion was to the jury that it might find damages ''for any loss of plaintiff's ability to enjoy sexual intercourse or to bear children.'' The evidence tending to show the direct and necessary damages caused by the injury was the pain and suffering she endured, the partial inability to perform labor as

compared with her prior condition, loss of time, and the expense of medical attention and treatment, and the continuation of these conditions in the future. There was no suggestion in the evidence that has been called to our attention that there would be any loss of ability for sexual intercourse, or that she would be unable to bear children; and it is not stated that counsel for plaintiff during the progress of the trial suggested such matters as proper subjects for the consideration of the jury. For these reasons we do not think it reasonable to conclude that the jury took into consideration such matters. But as the attending physician entertained the opinion that the injury to plaintiff's uterus was permanent, and retroversion would recur in the future, it seems to us that the jury might, with the utmost propriety, have taken those things into consideration in estimating plaintiff's damages as reasonable results of her injuries in the future.

Said instruction is further criticised because the jury were told that in estimating plaintiff's damages they might take into consideration her age and condition in life. The case of Ross v. Kansas City, 48 Mo. App. 440, does not sustain defendant's objection. There, the plaintiff was *feme covert,* and the jury were told that she could not recover for loss of time and expense of treatment, because these were elements of damage that went to the husband. But the plaintiff's condition in life was a matter of inquiry in Russell v. Columbia, 74 Mo. 480, she being a *feme sole,* and entitled to loss of time occasioned by the injury and expense of treatment. In Ross v. Kansas City, supra, the court intimates that in cases of permanent injuries or lifelong infirmities and suffering, the plaintiff's condition or situation in life might be a proper subject for the jury to consider in estimating the damages; and we can see no good reason to the contrary. The plaintiff, although a married woman, was dependent upon her own labor for support and paid her own doctor's bills.

Garven v. C., R. I. & P. Ry. Co.

Practically, for the purposes of this case, she was in no better condition than a *feme sole.* It was therefore peculiarly appropriate that the jury should be instructed as to her age and condition of life. And as her injuries are likely to be permanent, or at least of long continuance, attended with more or less suffering, we think it clear that her condition in life was a proper subject of inquiry.

It is also contended that the damages are excessive, and that the court committed error in giving instructions five and eight for plaintiff. We do not think there is anything in such contentions of sufficient importance for consideration.

For these reasons the cause is reversed and remanded. All concur.