CHARLES L. KNIGHT, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, June 5, 1905.

1. **MUNICIPAL CORPORATIONS: Ownership of Street: Evidence.** Where the plaintiff without objection is permitted to assume the city's ownership of a street, full proof should not be exacted and the court's submission of the question to the jury in this cause is approved.

2. **————: Defective Sidewalk: Notice.** Where a defect in a sidewalk is shown to have existed for about six months it is presumed there was reasonable time to have discovered and remedied it.

3. **PERSONAL INJURY: Damages: Medical Bill.** An instruction permitting recovery for medicine used by the plaintiff is held to be without sufficient evidence to support the same and therefore erroneous.

4. **JUDICIAL NOTICE: Medical Practice: Prescription.** It is common knowledge that doctors as a rule do not furnish their patients with medicines but they are obtained on written prescription from druggists.

113 app—36

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

REVERSED AND REMANDED.

*J. J. Williams* and *J. W. Garner* for appellant.

(1) The court erred in giving instruction numbered one, in which it submitted to the court, the issue as to whether twenty-third street was a public street or not; and by further telling that if appellant knew of the condition of such street or by the exercise of ordinary care could have known of the same and by the exercise of ordinary care could have repaired the same, for the reason there was no evidence upon which to base the same, and for the reason that the place where respondent was injured, is not shown to be such a place as appellant was under legal obligations to repair. Downend v. Kansas City, 156 Mo. 60; Thrush v. Cameron, 21 Mo. App. 394; Baldwin v. Springfield, 141 Mo. 205; Johnson v. St. Joseph, 96 Mo. App. 663; Cole v. Desota, 156 Mo. 447. (2) The court erred in giving instruction numbered two upon the part of respondent, because it authorized respondent to recover the amount expended for medicine, when the evidence failed to show the amount so expended. Mamerberg v. Railway, 62 Mo. App. 563; Rhodes v. Nevada, 47 Mo. App. 498; Slaughter v. Railway, 116 Mo. 269; Evans v. Joplin, 76 Mo. App. 20; Smith v. Railway, 108 Mo. 244; Brake v. Kansas City, 100 Mo. App. 611; Duke v. Railway, 99 Mo. 351.

*Scarritt, Griffith & Jones* for respondent.

(1) The evidence is positive and direct, admitted without objection, that "twenty-third street has been an open and public thoroughfare running in an east and

west direction the same period," (seven years and more). Buschman v. St. Louis, 121 Mo. 537. (2) The defendant by assuming that Twenty-third street was a public street when interrogating the witnesses at the trial and in all of the instructions submitted by it will not be permitted in this court to assert there was no evidence to support that fact. Jennings v. Railway, 99 Mo. 399; Hopkins v. M. W. of A., 94 Mo. App. 409; Fenwick v. Bowling, 50 Mo. App. 516; Mercantile Co. v. Burrell Sisters, 66 Mo. App. 117; Siter v. Bischoff, 63 Mo. App. 160; Hartman v. Railway, 48 Mo. App. 619; Randolph v. Frick, 57 Mo. App. 400; Bray v. Seligman, 75 Mo. 31; Minton v. Steele, 125 Mo. 181; Dickson v. Railway, 104 Mo. 499. (3) The second point of defendant that this verdict should be reversed because the evidence does not show the specific amount expended for medicine is the most technical of technicalities. He has not a precedent for so rare a technicality.

BROADDUS, P. J.—The plaintiff's suit is to recover damages for personal injuries sustained by him on December 3, 1903, caused by an alleged defective sidewalk on the south side of Twenty-third street near Montgall avenue in Kansas City, Missouri. The plaintiff fell and was injured at a point on said sidewalk which had been taken off for the purpose of constructing a granitoid sidewalk on Montgall avenue, which left a step-off of about ten inches to the latter walk, and it had been left in this condition for several months prior to the injury. The plaintiff, while it was dark, fell by reason of said step-off and was injured. The plaintiff obtained a judgment for $4,000, from which defendant appealed.

The principal contention of defendant, is that it was not shown that Twenty-third street was a public street of the city. The evidence upon that question was slight. It was shown that the street in question had

been used by the public many years, which of itself would not make it a public street of the city; but it was shown that there was a street lamp at its intersection of Montgall avenue; that there was a sidewalk, curbing and sewer. However, as plaintiff was permitted to assume as proven the city's ownership of the streets without objections, full proof should not be exacted. [Oyler v. Ry., 113 Mo. App. 375; and Kerr v. Ry., 113 Mo. App. 1; Geiser v. Railroad, 60 Mo. App. 462; Keltenbaugh v. Railroad, 34 Mo. App. 148; Lindsay v. Railroad, 36 Mo. App. 51.] The defendant did not raise the question by a demurrer to plaintiff's evidence. All the questions put to witnesses both on examination in chief and on cross-examination referred to the street as a public street. And the instruction on both sides treated it as such. In Dickson v. Railroad, 104 Mo. 491, "during the trial the attorneys for both parties, as well as the witnesses, speak of the levee as a street and the junction of Gratiot street and the levee as a crossing." It was decided that, such "evidence and the manner in which it was elicited justified the court in assuming that the levee is a street and that Gratiot street intersects it." The case of Downend v. Kansas City, 156 Mo. 60, it is insisted by defendant controls this case in that it is there held: "Mere user by the public will not establish a street nor enforce on the city the duty to keep it in repair." Plaintiff's case, as we have seen, for the reasons given, does not rest on mere user by the public. We think the court under the conditions detailed had the right to assume that the said street was a public street.

It is insisted that there is no evidence to show that the city, by the exercise of ordinary care could have known of the defect in time to have repaired the same before the injury. As the evidence disclosed that the defect in the street had existed for about six months the presumption is that the city had at least a reasonable time to have discovered and remedied such defect by

the exercise of ordinary care. Other cases cited by appellant also have no application.

Instruction numbered two given for plaintiff is assigned as error because it authorized a recovery for medicine when the evidence failed to show the amount expended. All the evidence as to that matter was given by Dr. Thompson, who stated: "I first dressed his fractured ribs by immobilizing the ribs by means of adhesive plasters placed about the chest to hold the action of the respiratory muscles. . . . I also gave him a hypodermic of morphine at the time to quiet the pain, and I gave him some other remedies in a general way to move his bowels, and so forth." And he stated that from one to one hundred and twenty-five dollars was the reasonable value of his services. There is nothing to show the kind, quantity or value of the medicine used, yet the jury were told they must take it into consideration in estimating plaintiff's damages. And the presumption is that they obeyed the instruction. We have no means of knowing whether, as a matter of fact, they did so or not. Plaintiff attempts to justify the instruction on the ground that the doctor furnished the medicine and that it was included in his charge for medical services. But it is common knowledge that doctors do not as a rule furnish their patients with medicines, but that they are furnished by the druggists on the written prescription of the doctor. The giving of the instruction was error. [Smith v. Railroad, 108 Mo. 243; Slaughter v. Railroad, 116 Mo. 269; Brake v. Kansas City, 100 Mo. App. 611.]

For the reason given the cause is reversed and remanded. All concur.