## MYRICK v. TOLIVAR.   (No. 640.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 28, 1921.)

Damages ☞23—Evidence ☞471(35)—Sales ☞354(1)—Special damages can be recovered only on proof of defendant's knowledge of special circumstances; plea of special damages held insufficient; estimate of damages objectionable.

Special damages can be recovered only on proof that special circumstances existed that defendant had knowledge of the special circumstances, and that the contract was made with reference thereto; hence, in an action for a balance due on a shipment of hay and on an oat contract, the buyer's cross-bill, setting up by way of special damages the seller's failure to deliver during the month of July on the ground that the subsequent delivery caused greater expense in hauling, is open to exception, there being nothing to show that the contract was made with reference to the special circumstances, and testimony that the buyer was damaged a certain sum per bushel from such cause, without more, is objectionable.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by Horace Myrick against C. R. Tolivar. From a judgment in favor of defendant on his cross-bill, plaintiff appeals. Reversed and remanded for new trial.

J. A. Harrison, of Beaumont, for appellant. C. W. Howth, of Beaumont, for appellee.

WALKER, J. This suit was instituted by appellant to recover from appellee the balance due on a shipment of hay and on an oat contract. Appellee did not seriously controvert appellant's cause of action, but answered by cross-bill as follows:

"Now comes the defendant in the above-entitled and numbered cause, and with leave of court during the trial of said cause files this his trial amendment, and alleges and shows to the court as follows, to wit:

"(1) That the plaintiff agreed to deliver said oats in and during the month of July while the weather was dry and before the harvesting

season began, and knew at the time he made said contract with defendant that same was to be delivered in the month of July, for the reason that defendant did not desire to haul same during his cutting and threshing season, and plaintiff further knew that in the event he failed to deliver same during the month of July, defendant would be put to an extra cost and expense of 15 cents per bushel in the haul from the car to the farm where they were intended to be used, at an extra total expense of $735."

This plea was subject to the special exception that—

"No facts are disclosed which put plaintiff on notice when the alleged contract was made that the special damages named would result from the breach of the contract."

It does not appear from this plea how the delay increased the cost of delivery, nor how the alleged facts gave notice to appellant that he would become liable for the special damages pleaded.

The rule of law and pleading on the issue of special damages is stated as follows by Judge Simkins in Contracts and Sales (3d Ed.) p. 601:

"We see, then, special damages can only be recovered upon certain conditions:

"First. That the special circumstances existed upon which the special damages are predicated.

"Second. That the defendant had knowledge of the special circumstances, either communicated, or from the nature and terms of the contract reasonably inferred.

"Third. It should appear that the contract was based upon and made with reference to the special circumstances (Railway Co. v. Belcher, 89 Tex. 429, 430, 35 S. W. R. 5; Belcher v. Missouri, K. & T. Ry. Co., 92 T. 593, 50 S. W. R. 559; Legion v. Missouri Pac. Ry. Co., 3 App. C. § 422; Express Co. v. Darnell, 62 T. 641; Buffalo Co. v. Milby, 63 T. 501, 51 Am. Rep. 668), which 'must be alleged, as well as the fact that the defendant had notice of them when the contract was entered into, for they cannot be proved under a general allegation of damage (Glasscock v. Shell, 57 T. 221; Mayo v. Savoni, 1 App. C. § 216; Railway Co. v. Shirley, 45 T. 357; Slaughter v. Railway Co., 116 Mo. 269, 23 S. W. R. 760; G., C. S. F. Ry. R. v. Gilbert, 4 T. C. A. 366, 23 S. W. R. 320; Ellis v. Tips, 16 T. C. A. 82, 40 S. W. R. 525)."

As to damages, appellee testified as follows:

"I have been damaged at least 15 cents on extra cost of hauling said oats from the railroad cars to my farm, over and above what I would have if they had been delivered in July; this damage amounting to 15½ cents per bushel or more."

This testimony comes clearly within the rule announced by us in Beaumont Gas Light Co. v. Rutherford, 223 S. W. 245, and cases therein cited, and, on objection of appellant, should have been excluded.

We do not discuss the assignment presenting the issue of waiver of the alleged breach of contract, because such waiver was not pleaded by appellant.

For the errors discussed, this cause is reversed and remanded for a new trial.