## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1898.

*(Continued from Volume 74.)*

DANIEL N. MASON, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 29, 1898.

1. **Pleading:** DAMAGES: SUFFICIENCY OF AVERMENTS IN A PETITION THAT PLAINTIFF WAS A PHYSICIAN AND ENTITLED TO DAMAGES AS SUCH FOR INJURY. There is no specific and direct averment in the petition that the plaintiff was a practicing physician, nor any averment of any amount of damages sustained by the loss of his practice; but it is inferentially stated in the petition, that he was a practicing physician, and the petition counts specially on his loss of earnings as a physician.

2. ———: ———: EVIDENCE: PRACTICE, TRIAL. And the trial court under the said petition committed no error in admitting the evidence, and in refusing to withdraw it from the jury, that plaintiff was a physician and that he had lost the earnings of his practice by reason of his injuries.

VOL. 75 app—1           (1)

3. ——— : ——— : ——— : ACTION: INSTRUCTION: VARIANCE: PRACTICE, TRIAL. The cause of action stated in the petition and upon which the jury were instructed is materially variant from the cause of action (if any) made out by the plaintiff's evidence.

4. ——— : ——— : ——— : ———. The plaintiff stated one cause of action and was permitted to recover upon another and different cause of action. He should recover, if at all, upon the cause of action as he stated it in his petition; this he did not do.

*Appeal from the Jefferson Circuit Court.*—HON. J. F. GREEN, Judge.

REVERSED AND REMANDED.

MARTIN L. CLARDY and LOUIS F. DINNING for appellant.

The court erred in admitting any testimony under plaintiff's petition. The court erred in permitting plaintiff to prove and recover upon a different cause of action from the one stated in his petition. Wolfhier v. R'y, 71 Mo. 514; Buffington v. R. R., 54 Mo. 246; Price v. R. R., 72 Mo. 414; Edens v. R. R., *Ib.* 212; Bullene v. Smith, 73 Mo. 151; Ely v. R. R., 77 Mo. 34; Thompson on Trials, secs. 2251, 2252 and 2253; Hoefflinger v. Stafford, 38 Wis. 391; R. R. v. Chastine, 54 Miss. 503; Flannigan v. Wilmington, 4 Houst. (Del.) 548; Merle v. Haskell, 10 Mo. 406; R. R. v. Biggs, 85 Ill. 80; R. R. v. Hann, 7 Kan. 380. The court erred in admitting testimony as to plaintiff being a physician and surgeon, and the value of his practice as such. Any practice plaintiff may have lost as a physician, and the value thereof, are items of special damages, and should have been alleged in the petition. The court erred in giving instructions asked by plaintiff:—a. The petition states plaintiff made a contract with defendant's agent to stop the train at Sulphur Springs, a station where that train did not stop for passengers.

Instead of stopping, the train slowed up and plaintiff was ordered to get off. The instruction on this subject is not supported by the evidence. b. From the instruction the jury is told, while the train was moving slowly, if the conductor directed plaintiff to alight, etc. This means at the time plaintiff jumped, and there is no evidence of that fact. c. The court erred in submitting to the jury as an item of damages the loss of plaintiff's earnings as a physician, if any, which he has sustained or will hereafter sustain, by reason of said injuries. d. Every fact necessary to be proved must first be pleaded. e. Instructions given do not declare the law applicable to this case. R. R. v. Robinson, 73 Tex. 277; R. R. v. Shirley, 45 Tex. 357.

GEORGE BULLOCK and A. R. TAYLOR for respondent.

The point first made by appellant, that the court erred in admitting any evidence under the petition, in the absence of any reason given, we submit is without merit. The same may be said for the second point. We are at a loss to conjecture what cause of action the plaintiff did recover upon unless the one stated in the petition, to wit: that defendant received plaintiff as a passenger upon its car at Riverside, and undertook to carry him, as such passenger, to Sulphur Springs, and to there stop the car and allow plaintiff a reasonable time and opportunity to alight in safety from said car. This is the contract that the law raised by the receipt of the plaintiff as a passenger upon the car. This is the contract that defendant admits was made. So that the contract is, without dispute, as averred in the petition. Now, after this contract was made, i. e., after the plaintiff was received as a passenger upon the car, the defendant's conductor, according to plaintiff's evidence (which is the probable truth, and so

found by the jury), changed the conditions of the contract, tells plaintiff he will not stop his train at the station and directs the plaintiff to jump off when he slowed the train down for that purpose. This the plaintiff did, and it is averred that his injuries were thereby caused, and that such acts were negligence upon the part of the conductor. This is the precise cause of action declared upon and recovered for. Of what avail to cite cases to such a proposition? Now, in getting off a train by the west side it is next to impossible to jump off safely without jumping westwardly. The instruction is absurdly bad. Yet it was defendant's. The jury found that the plaintiff did not do this, evidently supposing that the court was submitting, by the instruction, the question whether the plaintiff had jumped off at right angles with the moving train. As to the sixth point, it is so utterly confused and confusing that counsel for respondent are embarrassed to understand what is claimed. Subdivision _a_ says some instruction given for plaintiff is not supported by the evidence. Subdivision _b_ seems to be an attempt to complain at plaintiff's instruction, because counsel thinks the instruction supposes that the conductor told plaintiff, at the time he got off, to jump off. This is a strained and distorted view of the instruction. Subdivision _c_ is a complaint that the question of the loss of plaintiff's earnings as a physician was submitted to the jury. We have answered said complaint. Subdivisions _d_ and _e_ seem to be cast in the brief without particular purpose.

BLAND, P. J.—The petition avers in substance, that on the thirteenth day of April, 1896, the defendant's servants in charge of its train of passenger cars, received plaintiff as a passenger at its station at Riverside, and undertook to carry him as a passenger to

Sulphur Springs, a station on the line of its road; that after so receiving him, the conductor of the train failed and refused to stop his train at Sulphur Springs, so as to enable plaintiff to alight in safety, but caused the train to be slowed up at said station to enable respondent to alight, and that the conductor then directed him, while the train was in motion, to alight from the train; that plaintiff in obedience to the directions of the conductor, and while the train was moving slowly, undertook to alight from the train, and that by doing so he was shocked, hurt and injured, stating the specific injuries. The petition further states "that by his injuries so sustained the plaintiff has suffered and will suffer great pain of body and mind. Has been disabled from labor and has lost and will lose the earnings of his labor. *That by his injuries* the plaintiff has been *permanently* disabled from practicing his profession as a *physician* and *surgeon, and has lost and will lose his earnings therefrom.*"

STATEMENT.

The answer was a general denial and a plea of contributory negligence, to which a reply was filed. A trial was had and a verdict for $1,000 was found for plaintiff. After ineffectual motions for new trial and in arrest the railroad company duly appealed to this court.

The evidence on the part of the plaintiff tended to prove that plaintiff was a passenger from St. Louis to Sulphur Springs on one of defendant's southbound trains; that he took no notice of his station when it was reached and hence was carried by. After discovering that he had passed his station, he went to the conductor, who proposed to carry him on to Riverside, where he would meet the northbound train, and would see the conductor of that train and have him to carry plaintiff back to Sulphur Springs; to this plaintiff assented. He was carried on to Riverside, where he was

transferred to the northbound train to be carried to
Sulphur Springs.   His testimony is that after the train
pulled out from Riverside, the conductor came to him
and told him that his train did not stop at Sulphur
Springs, but that he would slow up when he reached
the station, and that he (plaintiff) should be ready to
get off; asked him if he knew his station, and when
told that he did, the conductor then said to him "it
may be that neither I nor any of my men will be around
when we reach Sulphur Springs, but you be ready and
when the train slows up you get off;" that
EVIDENCE.    when the train reached Sulphur Springs
neither the conductor nor any of the trainmen were in
plaintiff's car, that he went out on the platform, stepped
down on the lower step of the car, the train slowed up to
a speed of three or four miles an hour, and after his car
had passed the station from fifteen to twenty feet and
he thought the speed of the train was about to be in-
creased, he jumped off and was injured.   He testified
to the nature and extent of his injuries; that he had
been a practicing physician for many years; that on
account of his injuries he was compelled to give up his
practice, which before his injury brought him from
$1,000 to $1,200 per annum.

The evidence on the part of the defendant was that
the conductor did not tell plaintiff he would not stop at
Sulphur Springs; did not tell him to get off when the
train slowed up; that the conductor followed plaintiff
out of his car, took a position on the platform of the
adjoining car within two and one half feet of plaintiff
when he was standing on the steps of the car, and told
him not to jump, to wait, that the train would stop and
that it did stop; that at the time plaintiff jumped the
train was moving very slowly at a speed not to exceed
two or three miles per hour; that the train did not stop
regularly at Sulphur Springs.   The evidence of the

conductor was corroborated by the other trainmen, and in part by one or two bystanders. The *quantum* of the evidence was with the defendant. The jury, however, found that its preponderance was on the side of the plaintiff. The testimony of the plaintiff leaves it somewhat in doubt whether he jumped straight out at a right angle with the moving train, or whether he jumped obliquely in the direction the train was moving.

The court gave for plaintiff the following instruction:

"The court instructs you, gentlemen of the jury, that if you find from the evidence that, on the 13th day of April, 1896, defendant received plaintiff as a passenger on board its car, at Riverside, INSTRUCTION. and undertook and agreed to carry him as such passenger from Riverside to Sulphur Springs, and allow plaintiff a reasonable time and opportunity to alight from the said car, and if you further find that after so receiving plaintiff as such passenger upon said car, the defendant's conductor in charge of the train of cars on which plaintiff was received as such passenger, failed and refused to cause or allow said train of cars to be stopped at Sulphur Springs station to enable plaintiff to alight therefrom, but that, on the contrary, said conductor caused said train to be slowed up at said Sulphur Springs station to enable plaintiff to alight from said train while the same was moving slowly, and directed plaintiff to alight from said car while said train and car was so moving at or near said station.

"And if you further find, that while said train and cars were so moving slowly for the purpose of allowing plaintiff to alight therefrom at or near said station, plaintiff in obedience to the directions of said conductor, and while in exercise of ordinary care undertook to alight from said car, and in so doing, owing to

the motion of said car, and to the shock and concussion in so alighting therefrom while the same was moving, plaintiff sustained injury to his person, and if the jury find from the evidence that the conductor of said train did not exercise ordinary care in so failing to stop said car and in directing said plaintiff to jump off said car, then your verdict should be for the plaintiff and against the defendant.

"And the court further instructs you that, by the term ordinary care, is meant that degree of care which an ordinarily prudent person would have exercised under like circumstances.

"And the court further instructs you, gentlemen of the jury, that though you may find that in alighting from said car while the same was moving there was possible danger, still such danger would not defeat plaintiff's right to recover, provided the car was moving slowly and that, in so attempting to alight, plaintiff acted as a prudent person would have acted under like circumstances.

"If the jury find for the plaintiff they should assess his damages at such a sum as the jury may believe from the evidence will be a fair compensation to him: *First.* For any pain of body or mind. *Secondly.* For any loss of the earnings of his labor, including loss of the earnings of his profession as physician (if any), which the plaintiff has sustained or will hereafter sustain by reason of his said injuries and directly caused thereby, not exceeding five thousand dollars."

To the giving of which an exception was saved.

The court was asked by the defendant to exclude, from the consideration of the jury, all of the evidence relating to plaintiff's practice as a physician and in reference to any damage sustained by loss of practice

as such, and this evidence was also objected to when offered by the plaintiff. There is no specific and direct averment in the petition that the plaintiff was a practicing physician, nor any averment of any amount of damages sustained by the loss of his practice; but it is inferentially stated in the petition that he was a practicing physician, and the petition counts specially on his loss of earnings as a physician. Under the rulings of the supreme court in Mellor v. R'y, 105 Mo. 464, and Gardes v. Iron Foundry Co., 124 Mo. loc. cit. 360, this element of special damages was sufficiently laid, and we find no error in the rulings of the trial court in admitting the evidence and in refusing to withdraw it from the jury, that plaintiff was a physician and that he had lost the earnings of his practice by reason of his injuries. The instruction given by the court for the plaintiff is predicated upon the petition, but not upon the evidence.

SUFFICIENT statement in petition that plaintiff was entitled to recover damages as physician.

The petition and the instruction put the slowing up of the train at Sulphur Springs and the direction of the conductor to the plaintiff to alight from the moving train, as concurrent—the slowing up of the train preceding the direction to alight. This was not the evidence. The plaintiff, the only witness who testified to a direction to him from the conductor to alight from the moving train, says that the conductor was not in sight when he alighted, that the direction or instruction was given to him before Sulphur Springs was reached. This is quite a different state of facts from what is averred in the petition and incorporated in the instruction, and the difference is material on the question of contributory negligence. If the plaintiff, as he testified he did do, selected for himself the time when and the place where to alight as the train slowed up, he would be held to a greater degree of care and assume

more of the responsibilities of the situation than if the conductor had been present and had given him the direction as to the exact time when to alight. Having selected his own time when and where to alight, the law will hold him to the exercise of due care in making his choice, in view of the environments and the other circumstances the necessity (if any) which moved him to jump from the moving train. On the other hand, had the conductor been present and directed plaintiff when to alight from the slowly moving train, he would have had the right to rely upon the superior knowledge and experience of the conductor and might have obeyed the order without the risk of having contributory negligence imputed to him in an action for the resulting injury.

The cause of action stated in the petition and upon which the jury were instructed is materially variant from the cause of action (if any) made out by the plaintiff's evidence.

VARIANCE.

The plaintiff stated one cause of action and was permitted to recover upon another and different cause of action. He should recover, if at all, upon the cause of action as he stated it in his petition. This he did not do. Haynes v. Trenton, 108 Mo. loc. cit. 132, and cases cited. The judgment will be reversed and the cause remanded. Judge BOND concurs; Judge BIGGS dissents.