ISAAC LESSER, Respondent, v. ST. LOUIS & SU-
BURBAN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, October 23, 1900.

1. **Personal Injuries**: ALLEGATIONS IN PETITION SUFFI-
CIENT, ON OBJECTION TO EVIDENCE. Although the petition
does not allege respondent's occupation, or the *quantum* of damages
for loss of time, it does allege sufficient to notify the company, that
he claims damages for loss of time, which is sufficient, on an objec-
tion to the introduction of evidence at the trial.

2. ——: INSTRUCTION COVERING THE WHOLE CASE. The
only instruction given for respondent, attempted to cover the whole
case, and as it failed to do so by the exclusion from the jury the
consideration of material evidence offered by appellant, it was er-
roneous.

3. ——: ——: SUBMITTING LAW AND EVIDENCE BY IN-
STRUCTION, ERRONEOUS. Respondent's instruction also sub-
mitted to the jury the determination of the wrongful conduct of
the conductor, without informing it, what facts in law would con-
stitute wrongful conduct; this required the jury to find both law
and fact, and was erroneous.

4. ——: ——: INSTRUCTION, REFUSED. The appellant hav-
ing the right to regulate the conduct of its business by reasonable
and necessary rules, an instruction so informing the jury was
proper, and its refusal was erroneous.

Appeal from the St. Louis City Circuit Court.—*Hon.
Pembrook R. Flitcraft*, Judge.

REVERSED AND REMANDED.

*McKeighan, Barclay & Watts* and *Robert A. Holland
Jr.* for appellant.

(1) The plaintiff's first instruction is erroneous be-
cause it contradicts and nullifies instructions given for the

defendant. The giving of conflicting instructions is error. Frank v. Railway, 57 Mo. App. 181; Buel v. Transfer Co., 45 Mo. App. 562; Redpath v. Lawrence, 42 Mo. App. 101; Hickman v. Griffin, 6 Mo. 37. (2) The plaintiff's first instruction is erroneous because it submitted to the jury as an issue. of fact the whole defense on which defendant relied, and authorized the jury to ignore the rules governing the facts shown in evidence by defendant. It is error to submit as an issue of fact a defense which involves a mixed question of law and fact. Glover v. Duhle, 19 Mo. 360; Hawes v. Stock Yards, 103 Mo. 60; Hickey v. Ryan, 37 Mo. 185; Schaub v. Railroad, 106 Mo. 74; Leslie v. Railroad, 88 Mo. 50; Kick v. Doerste, 45 Mo. App. 134; Carder v. Primm, 60 Mo. App. 423. (3) The learned trial court erred in admitting evidence of plaintiff's loss of profits in his business as salesman, there being no sufficient allegation in the petition to warrant a recovery for such loss. A party can not recover for loss of earnings in a special business without a distinct claim therefor in his pleading. Mellor v. Railroad, 105 Mo. 455; Slaughter v. Railroad, 116 Mo. 269; Coontz v. Railroad, 115 Mo. 669; Heiser v. Loomis, 47 Mich. 16. (4) The learned trial court erred in refusing to give the request for instruction marked "A." A railway company has the right to forbid the public from getting on its cars while in motion and to enforce that regulation by the use of "such force as was necessary" (quoting this instruction) to repel from a car one who attempts, as did plaintiff, to defy such a wholesome rule. Baltimore Co. v. Wilkinson, 30 Md. 224; Railroad v. Zebe, 33 Pa. St. 326; Railroad v. Winn, 93 Ala. 306; Tel. Co. v. Neel, 86 Tex. 368; Given v. Tel. Co., 24 Fed. Rep. 119.

*Sturdevant & Sturdevant* for respondent.

(1) It is not necessary that the law applicable to the

issues raised by the evidence be submitted to the jury in a single instruction, but the same may be done in a series of instructions; and if all the instructions given, in their combination and entirety, are sufficient to advise the jury on the law of the case, there is no error. And the failure of the court to qualify each instruction by an express reference to the others is not error. Scott-Force Hat Co. v. Hornbs, 127 Mo. 392; Muehlhausen v. Railroad, 91 Mo. 332; Schroeder v. Michel, 98 Mo. 43; Owens v. Railway, 95 Mo. 169. (2) A "custom," when relied on as a defense, must be specially pleaded, and can not be proven under a general denial; and, although evidence be introduced thereon under a general denial only, an instruction offered on the issue raised by such evidence is properly refused. Hayden v. Grillo's Adm'r, 42 Mo. App. 1; Safety Fund National Bank v. Westlake, 21 Mo. App. 565. (3) A general allegation of "loss of time" or "loss of earnings" is sufficient. The distinction between "loss of time" and "loss of earnings" "does not exist in law." "The damages to be awarded in either case is the pecuniary value of the time lost." They are equivalent expressions. Slaughter v Railroad, 116 Mo. 269; Paul v. Railroad, 3 Mo. App. 144; Gerdes v. Iron, etc., Co., 124 Mo. 360; Gurly v. Railroad, 122 Mo. 151.

BLAND, P. J.—The appeal is from a judgment rendered upon the following verdict, to wit: "We, the jury, find for the plaintiff, and assess the plaintiff's actual damages in the sum of $1,000, and we do not find plaintiff entitled to punitive damages." The errors relied upon by appellant are the admission by the court of improper evidence on the part of respondent, and the giving of erroneous instructions, and the refusal of proper and correct instructions.

The injury complained of was sustained on July 6, 1899, where the appellant's street car line turns on a loop

opposite the Suburban Garden in St. Louis county and about seventy-five feet west of the gate of entrance to said garden, where appellant stops its cars for the discharge and reception of passengers. Cars from the city of St. Louis on this line of street railway after discharging their passengers opposite to the gate, pass around this loop and turn east for their return to the city, and for the purpose of receiving passengers stop opposite the garden gate. In front of the gate and along the side of the railway track there is a platform about fifty feet wide and extending west of the gate about seventy-five feet. In the evening of July 6th the respondent accompanied by his friend, a Mr. Kemp, visited the garden and witnessed there a vaudeville performance. About 11 o'clock, p. m., they passed from the garden through the gate onto appellant's platform for the purpose of boarding one of its cars and to be carried to the city. They found a large number of people on the platform "crowding and scrambling" to get on the cars; they witnessed this condition until three cars had been filled and started east for the city. As the fourth car came around the loop respondent and Kemp walked west to meet it, for the purpose of boarding the car and securing seats before it reached the usual stopping place and became crowded with passengers. Kemp was some fifty feet ahead of respondent and boarded the car before it reached the west end of the platform. The respondent undertook to get on the car at the west end of the platform, and while the car was moving at a speed of two or three miles per hour. He stepped onto the step of the rear vestibule of the car and took hold of the handle bar with his right hand; the conductor told him not to get on there. He testified that when told by the conductor that he could not get on there, he let go of the handle bar and turned around, and that he was then shoved and kicked down by the conductor and received the injuries complained of.

On the part of the appellant the testimony tends to prove that persons were not permitted to get on the cars at the garden, until they had come to a stop in front of the garden gate; that on this particular evening (in observance of a rule of the company and as was the custom at this point), the conductor as the car was approaching the stopping place and at the time respondent undertook to get on, was standing in the entrance to the rear vestibule with his arms stretched across the entrance to prevent anyone from getting on the car before it stopped, and to warn them that they should not get on.   The conductor testified that he saw Kemp and respondent coming down the platform to get on the car and hallooed to them not to get on; that Kemp got on the rear fender and climbed over the rear dashboard; that respondent caught hold of the handle on the vestibule, stepped onto the step, and when the car made a swing on a curve in the loop the motion of the car threw him back and he lost his foothold on the step, but holding onto the handle bar he ran along back of the car until he came in contact with some one on the platform and was knocked down.

1.   The respondent testified that he was a travelling salesman, and that he could have earned $60 or $70 per week during the time he was confined on account of his injuries.   This testimony was objected to by appellant on the ground "that there is no special claim for damages in loss of time, there being no special claim for them in the petition." There is no allegation of the loss of time in the petition, unless it is embraced in the following concluding clause, to wit, "that by reason of said acts of said agent of defendant, plaintiff has suffered great pain and mortification together with loss of much *time* and money for medical attendance and damage to his clothing, all to his actual damage in the sum of two thousand dollars."

In Mellor v Railroad, 105 Mo. loc. cit. 464, the supreme

court *in banc* says that, "Loss of earnings is a kind of injury which is not regarded as a necessary consequence of such acts as are complained of here, and, therefore, is not embraced within the plaintiff's general allegations of damages." This was a personal injury case in which the petition did not set out or claim damages for loss of earnings. See, also, Edwards v. Railroad, 79 Mo. App. 257. In Coontz v. Railroad, 115 Mo. loc. cit. 674 and Gerdes v. Iron and Foundry Co., 124 Mo. loc. cit. 360, the Mellor case is cited and approved. These cases announce nothing more than a well-recognized rule of pleadings in this class of cases, i. e., that under a general allegation of damages none can be recovered but such as are the natural and necessary result of the injury, loss of time or of earnings (which is the same thing), is a consequential and not a necessary result of personal injury, and therefore should be counted on specially to entitle the plaintiff to recover damages therefor. In Smith v. Railroad, 119 Mo. 246, it was held that an averment, to wit, "and *has been* deprived of the means of her support," was held sufficient to let in loss of earnings. In Britton v. City of St. Louis, 120 Mo. 437, evidence of loss of time, under a general allegation that plaintiff had received permanent injury to his left knee and suffered loss of time, being a day laborer, was sufficient to warrant a recovery for loss of earnings. In Mason v. Railroad, 75 Mo. App. 1, we held that an allegation in the following language, to wit, "that by his injuries the plaintiff has been permanently disabled from practicing his profession as a physician and surgeon, and has lost and will lose his earnings therefrom," was sufficient to admit testimony that plaintiff was a practicing physician and surgeon, and of his earnings as such. In Gerdes v. Iron and Foundry Company, 124 Mo. loc. cit. 360, it is said that it is not necessary to allege the *quantum* of such damages. The petition in the case in hand does not allege the occupation

of respondent, nor the *quantum* of damages for loss of time, but it does notify the appellant that respondent claimed damages for loss of time, and that he intended to rely on loss of time as one of the elements of his damage.  As was said in Smith v. Railroad, *supra* if the defendant (appellant) desired a more specific statement it should have filed a motion to have the petition made more specific and definite, and we hold that it was not error to admit testimony of loss of time or of earnings.

2.  For respondent the court gave the following instruction: "If you find from the evidence that on or about the sixth day of July, 1899, as alleged, the plaintiff stepped upon the step of the rear platform of defendant's street car and attempted to enter the same for the purpose of being carried as a passenger thereon, and that while in such position the agent and servant of defendant, having the management and custody of said car, wrongfully and forcibly laid hands on plaintiff and pushed and threw the plaintiff off of said car step and caused him to fall upon the board walk or platform alongside of said car and roadbed, and you further find that by reason of said wrongful acts, if you so find they were wrongful, of defendant's agent and servant the plaintiff was injured, then your verdict must be for the plaintiff; and in case you so find, you should assess his damages at such sum as you believe, under the evidence, will reasonably and fairly compensate him for the injury so sustained, taking into account as elements of damage such pain and suffering, loss of time, expense for medical treatment and mental anguish as you may find from the evidence he sustained, directly resulting from the accident complained of, if any, all not exceeding however, the sum of two thousand dollars."

For appellant the court gave the following instructions:

"The court instructs the jury that if they believe from the evidence that the defendant had, at the place in ques-

tion by custom and usage or by instruction to its employees, established a certain place to stop its cars to receive passengers, and that in connection therewith had established a custom and usage for the conductor of the car in approaching said stopping place, while the cars were in motion, of standing on the steps to prevent passengers getting on said cars until such stopping place had been reached and the car stopped, and that on the occasion in question the conductor of defendant's car was standing on the step of the car with his hands on the railing for the purpose of preventing passengers from getting upon the said car until it had stopped at said place; then the jury are instructed that the said conductor had the right to use all such reasonable force as might be necessary to prevent the plaintiff or other passengers from getting upon said car until said car had stopped at said regular place for stopping.

"The court instructs the jury that the defendant had a right in the operation of its road at the place where plaintiff undertook to get on defendant's car to decline, through its employees, to receive passengers on its cars until it stopped its cars at the place designated in the evidence given in this case, and not to allow passengers to get on its cars until said cars had been stopped at said place; and said defendant had a right to require its conductors to station themselves on the step of said cars leading into the cars for the purpose of obstructing the entrance of passengers on the said cars until the said stopping place was reached."

"The court instructs the jury that if they believe from the evidence that under the other instructions herein given the custom and usage hereinbefore referred to in said evidence had been established by defendant in the operation of its cars at the place in question, and that defendant's conductor was standing on the step of the car with his hands upon the rails on either side of him for the purpose of pre-

venting passengers from getting upon the car until it had stopped, and that the plaintiff received the injuries, if the jury believe from the evidence he did receive any, solely by stumbling or falling in his efforts to force his way on said car before it had stopped, then in that case the plaintiff can not recover."

The contention of appellant is that instruction number 1 given for respondent is in itself erroneous, and that it is in conflict with and nullifies the above three instructions given for appellant. The correctness of the instructions depend upon the relative rights of the parties. If the respondent had the lawful right to get on the car at the place he attempted to get on and while the car was in motion, then it was wrong in the conductor to prevent him from getting on, or to forbid him to get on, and the instruction did not submit to the jury to find as a matter of mixed law and fact what was wrongful in the conduct of the conductor, as contended for by appellant. On the other hand if the respondent had no such right, then the conductor had the right to use such force as was reasonably necessary in the circumstances to prevent respondent from boarding the car, and the wrongfulness or rightfulness of his conduct depends upon the fact whether or not he used excessive, unnecessary or unreasonable force to prevent respondent from entering the car; and respondent's right to recover rests upon the fact that excessive, unnecessary or unreasonable force was used and was the direct or proximate cause of the injury. A street railway company has the unquestionable right to make reasonable rules and regulations for the conduct of its business and the running of its cars. In the exercise of this right it has the power, and it is its duty to have safe and convenient places along its line of road for the reception and discharge of passengers. That all of these companies do have such stopping places, is well known to the public, and was well

known to the respondent. He being a resident of the city of New York and a traveling salesman, could not have been ignorant of the universal practice and custom in the running of street cars. The rule of appellant not to permit persons to get on its cars at the Suburban Garden (of which there was evidence), until they had halted in front of the ·gate, the evidence shows was not only reasonable, but highly necessary for the safety of its patrons and the orderly conduct of its business, and it is immaterial that the respondent did not have specific notice of this regulation; he had special notice by the warning given him by the conductor, and the fact that the car was moving was notice to him that it did not receive passengers at the place where he attempted to board it. He must have known that he was violating a rule of the company; in fact, he admitted as much when he says his purpose was to get on ahead of the crowd in order to secure a seat. The instruction leaves wholly undefined any rights the appellant had to make rules and regulations in the conduct of its business and leaves this right wholly as a matter of speculation or guess to the jury. But respondent in answer to criticism of the instruction says its defects, if any, were cured by the instructions given for the appellant. The instruction undertakes to cover the whole case and to state hypothetically the facts upon which respondent was entitled to recover. The error is that it left it to the jury to find wrongful conduct on the part of the conductor, without calling the attention of the jury to such facts as in law would amount to wrongful conduct. The jury were required to find both the law and the facts. This was palpable error. (Jordan v. City of Hannibal, 87 Mo. 673; Carroll v. Campbell, 110 Mo. 557; Woods v. Campbell, 110 Mo. 572; Kendall Boot & Shoe Company v. Bain, 46 Mo. App. 581), and such error as can not be cured by proper instructions for the opposing party.

The court refused the following instructions asked by appellant; of which appellant complains:

(a) "The court instructs the jury that defendant had the right to forbid persons getting on the car while it was in motion, and also had the right, by its conductor, to prevent persons from getting on the car while in motion, at the time when plaintiff received his alleged injury; and if you find and believe from the evidence that the defendant's conductor on the car which plaintiff endeavored to mount was in a position which indicated that passengers were not to get upon the car at that time; or if said conductor forbade persons to get on the car while in motion at that time, and notwithstanding the plaintiff attempted to get on said car while in motion, then the conductor of defendant's car had the right to resist the attempt of plaintiff to get upon said car while in motion and had the right to use such force as was necessary to overcome and repel the plaintiff's attempt to get upon the car while in motion at that time."

(b) "The court instructs the jury that if they find from the evidence that on the occasion in question the defendant's conductor was standing on the step approaching the platform of the car, with his hands on the railing on each side of him, that such position was in itself sufficient notice to the plaintiff and other passengers desiring to get upon the car that they were not allowed to get upon the same until the car had stopped.

Refused instruction "a" is faulty in this, it does not with sufficient definiteness restrict the degree of force the conductor might have lawfully used in the situation in which he was placed. He had no right to kill or maim the respondent, nor to do him great physical injury in resisting his attempt to get on the car, neither to use such force as would probably result in doing him great bodily harm. Refused instruction "b" should have been given; its refusal

was a denial of the right of the appellant to regulate the conduct of its business by reasonable and necessary rules.

The judgment is reversed and the cause remanded. All concur.