JOHN E. DETRICH, Respondent, v. METROPOLI-
TAN STREET RAILWAY COMPANY, AP-
pellant.

**Kansas City Court of Appeals, June 3, 1907.**

1. **EVIDENCE: Expert: Knowledge: Hearsay: Opinion.** A phy-
sician may testify that his patient "was suffering in hip and
back" where it does not appear that it was hearsay, since a
skillful practitioner may know that the patient is suffering,
and such testimony is not mere opinion.

2. ———: **Rheumatism: Former Affliction: Recovery.** Plaintiff
had had rheumatism. His physician testified he was cured.
An expert testified that his injuries might have caused a re-
currence of the disease. *Held,* such recurrence was a question
for the jury.

3. **DAMAGES: Personal Injury: Medical Bill: Pleading: Instruc-
tion.** A petition averred "And by reason thereof he has been
compelled to expend $——— for medicine and medical atten-
tion." *Held* sufficient to support an instruction to include
expenses of medical care and attention.

4. ———: **Recurring Rheumatism: Evidence: Instruction.** The pe-
tition alleged that plaintiff "became afflicted with severe and
painful rheumatism," etc. Evidence was introduced without
objection. The defendant asked an instruction that no dam-
ages could be allowed for rheumatism that was not "directly
and approximately caused and produced by the accident."
The court, after "produced," added "or contributed." *Held,*
proper amendment.

5. **TRIAL PRACTICE: Instruction: Covered by Other Instruction.**
An instruction substantially covered by other instructions is
properly refused.

Appeal from Jackson Circuit Court.—*Hon. John G.
Park,* Judge.

AFFIRMED.

*John H. Lucas, Chas. A. Loomis* and *Ben F. White*
for appellant.

(1) The court erred in admitting certain portions
of the testimony of Dr. Fellows; (a) some of it because

it was an opinion and a conclusion of the witness; (b) and, finally, in overruling defendant's motion to strike out all the evidence of this witness introduced for the purpose of showing rheumatic trouble in the years 1904 and 1905.    (2)   The court erred in the admission of the testimony of Dr. Hyde as to the value of the medical services and attention   of   Dr.   Fellows   and   himself. There was no allegation in the petition that any money or other thing of value had been expended by plaintiff, and there was therefore no ground for its admission. Young v. Schofield, 132 Mo. 661; Sidway v. Stock Co., 163 Mo. 373; Boles v. Bennington, 136 Mo. 529; Saxton v. Railroad, 98 Mo. App. 501.    (3)   The court erred in giving instruction number 13P, in that it included as an element of damages expenses for medical treatment when there was no such allegation in the petition.    (4)   The court erred in refusing to give defendant's instructions 6D and 9D as requested, and in modifying them.   Under the allegations of the petition defendant was not liable for any aggravation of an existing disease; the allegation was that "as a result of such injuries" he "became afflicted with severe and painful rheumatism and rheumatic pains and deposits," etc.   Hite v. Railroad, 130 Mo. 132; Feary v. Railroad, 162 Mo. 75; McManamee v. Railroad, 135 Mo. 447; McGrath v. Railroad, 197 Mo. 97.    (5)   The court erred in the refusal of defendant's instruction F.   This properly declared the law, was based upon sufficient evidence and was not covered by any other instruction in the case.   Unless the negligence complained of was both the natural and probable cause of the injuries defendant was not liable.   Saxton v. Railroad, 98 Mo. App. 501; Henry v. Railroad, 76 Mo. 293;   Black v. Railroad, 89 Wis. 378; Huber v. Railroad, 92 Wis. 646; Railroad v. Columbia, 69 Pac. 338.

*Holmes & Page* and *Walsh & Morrison* for respondent.

(1) No error was committed in admission of testimony. (2) No error was committed in refusal to strike out evidence of Doctor Hyde. (3) The use of the characters $—— denotes Federal money. Fuleurvider v. Fuleurvider, 53 Mo. 439. Hence, there was an allegation of the expenditure of some money for medicine and medical attention, and a general allegation in that regard is sufficient: Moore v. Railway, 100 Mo. App. 667; Smith v. Railway, 119 Mo. 253; Gurley v. Railway, 122 Mo. 151; Mabrey v. Road Co., 92 Mo. App. 602; Brake v. Railroad, 100 Mo. App. 614. (4) It is too late after verdict to complain of a blank in the petition. Hall v. Smith, 3 Munf. (Va.) 550; Marsh v. Blythe, 1 McCord (S. C. Law.), 360; Digges v. Norris, 3 N. & M. (Va.), 268. (5) No error was committed in modifying defendant's instructions numbered 6D and 9D. If there was any variance it was waived by failure to object to the evidence at the time it was offered and failure to file affidavit of surprise. Gaume v. Horgan, 99 S. W. 457; Chouquette v. Railway, 152 Mo. 263; Fisher v. Railroad, 159 Mo. 567. But there was no variance in this respect. Mathews v. Railroad, 115 Mo. App. 468; Brown v. Railroad, 66 Mo. 588; Owens v. Railway, 95 Mo. 182. (6) Instruction F which was refused was fully covered by instruction 7D which was given. Koelling v. Note Co., 97 Mo. App. 670; Hill v. Bank, 100 Mo. App. 241; Turney v. Baker, 103 Mo. App. 396; Baxter v. Transit Co., 103 Mo. App. 612; Weller v. Wagner, 181 Mo. 161.

ELLISON, J.—This action was instituted to recover damages for personal injuries alleged to have been received through the negligence of the defendant. The plaintiff recovered judgment in the trial court. The injury, according to the plaintiff's petition and evidence

in his behalf supporting it, was occasioned by the sudden and violent stopping of the car caused by its coming in contact with an obstruction in the track. The evidence tended to show that when the car struck the obstruction, it was with such force that plaintiff was thrown over the dashboard off of the car and onto the street, which was paved with stone. It further tended to show severe injuries added to by resulting in painful rheumatism.

Objection is taken to a part of the evidence of the physician who attended upon plaintiff. Upon being asked in what condition he found plaintiff on the next day when he was called to see him, he answered, "I found him pretty badly shook up and bruised up. I believe the only place the skin was knocked off in particular was his left knee, the knee cap, the left knee cap. *But he was suffering in the hip and back,* and generally shook up (like a man would be, you know, if he was thrown and landed on the paving.") That part of the answer in parenthesis was stricken out by the court. But the part in italics is objected to as being necessarily beyond the knowledge of the witness and that it must have been based on hearsay, that is, on what plaintiff told him. The objection is not well taken. We cannot say from the face of the answer that it was hearsay. Nor can we say that it was based on mere opinion as distinguished from knowledge. There are various ways in which a physician ascertains, with all reasonable degree of certainty, where and how a patient is suffering pain. It may be that a part of his knowledge has come from statements of the patient. If statements are made to him, he is supposed, as a careful and skillful practitioner, to verify them and to come to his conclusions of fact from his entire examination and observation. He, in common with all other witnesses, may be mistaken, but that does not affect the admissibility of the evidence. Cross-examination may disclose that the state-

ment is not worthy of much weight; but again, that does not affect its admissibility, unless, of course, it should develop that his statement was based upon no proper foundation. Neither is the objection that the statement is mere opinion or belief, instead of knowledge, well taken. If carried out, in certain line of reasoning, all knowledge could be said to be mere belief or opinion.

It is insisted that there was no evidence that plaintiff's suffering from rheumatism was occasioned by the injury. Our examination of the record has led us to believe that the evidence on that head was sufficient to take the verdict of the jury. It is true it was shown that plaintiff had been a sufferer from rheumatism prior to his injury, but it was further shown that he had recovered. The physician who treated him said that the treatment had been very successful and that he had discharged him as his patient in the belief that he was a well man. Medical experts likewise testified that the injury could cause a recurrence of the rheumatic affliction in the joints.

The jury were permitted to include expense of medical care and attention. It is claimed that there was no foundation laid in the petition for such damages. The petition, after stating the injuries, concluded with the words, "And by reason thereof he has been compelled to expend $—— for medicine and medical attention." Defendant insists that that is not a claim for anything. We think it is. It is not a claim for any stated amount, but it is a statement that expenditures were made. If the dollar mark and blank were omitted, it would leave the statement, by any fair interpretation, to mean that he had expended money. The dollar mark being inserted aids that interpretation. The construction which should be put upon the pleading is that expenditures were made but no amount stated; and such an allegation has been held to be sufficient. [Moore

v. Railway Co., 100 Mo. App. 667; Brake v. Railway, ib. 614; Mason v. Railway, 75 Mo. App. 8; Lesser v. Railway, 85 Mo. App. 330; Mabrey v. Gravel Road, 92 Mo. App. 602.] The Supreme Court has also ruled on the same question. [Gurley v. Railway, 122 Mo. 151; Smith v. Railway, 119 Mo. 253.]

It is next insisted that defendant's instructions 6 and 9 should not have been added to by the court. They were on the subject of allowing plaintiff damages for the rheumatism and directed the jury to allow nothing therefor that was not "directly and proximately caused and produced by the accident in question and that he would not have suffered with such rheumatism had it not been for such accident." The court added the words, "or contributed," after the word, "produced." It is now said that there was no allegation in the petition of rheumatism prior to the injury and of the injury contributing to the continuation of that affliction. The petition alleged that by reason of the injury plaintiff "became afflicted with severe and painful rheumatism and rheumatic pains," etc. It appears that evidence was introduced, without objection from defendant, that it was not proper under the petition. There should have been some objection of that nature, when plaintiff could have amended and made his pleading conform to the proof. [Chouquette v. Railway, 152 Mo. 263; Fisher v. Realty Co., 159 Mo. 567.] The only objection made to the evidence was that there was nothing to show that the rheumatism was caused by the injury. We are satisfied that it was proper to amend the instructions.

Complaint is next made of the refusal of instruction "F," offered by defendant. It was given in every substantial particular in instruction number 7, and was therefore properly refused, since it was to all practical purposes a mere repetition.

Instructions G and H were properly refused. They

amounted to a withdrawal of evidence in regard to suffering from rheumatism.

A full and complete examination of the record has satisfied us that the case was fairly tried and that no error was committed. The judgment will be affirmed. All concur.